IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WALTER HARGROVE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | C.A. NO. 4:10-cv-2658 |
| | § | |
| **CHECK RESOLUTION SERVICE, INC.,** | § § | |
| | § | |
| *Defendant.* | § | |

## FINAL DEFAULT JUDGMENT

The docket showed that: (i) on August 3, 2010, the Plaintiff filed Plaintiff's First Amended Complaint; (ii) on September 7, 2010, the defendant, Check Resolution Service, Inc., was served at its place of business located at 1561 Kenmore Avenue, Kenmore, New York 14217, with a copy of the summons and the Plaintiff's First Amended Complaint; (iii) on September 21, 2010, the executed return of that service was filed with the Court; (iv) defendant Check Resolution Service, Inc.'s answer was due on October 4, 2010; and (v) defendant Check Resolution Service, Inc. failed to answer, plead, or otherwise defend.  Therefore, on October 22, 2010, this Court entered an order on the Plaintiff's Request for Default awarding judgment by default over and against the defendant, Check Resolution Service, Inc., on all of the Plaintiff's claims against it and setting a hearing to consider damages and for entry of final judgment on November 2, 2010, at 9:00 a.m. in Courtroom 11-A at 515 Rusk Street, 11th Floor, Houston, Texas, 77002. The Plaintiff's counsel served a copy of this Court's order setting hearing for entry of final judgment on the defendant through its owner and authorized agent at its place of business located at 1561 Kenmore Avenue, Kenmore, New York 14217 via U.S. certified mail,

1

return receipt requested and U.S. regular first class mail, and the defendant signed the return receipt for that notice. On November 2, 2010, at 9:00 a.m., the Court called the case for hearing on damages and for entry of final default judgment, and the Defendant failed to appear. The Plaintiff appeared at the hearing in person and through his counsel and presented testimony on damages. Having reviewed and considered the docket sheet, the pleadings on file, the evidence of damages presented at the hearing, and the argument of Plaintiff's counsel, it is:

ORDERED, ADJUDGED and DECREED, that the Plaintiff, Walter Hargrove, have and recover over and against the Defendant, Check Resolution Service, Inc., the sum of One Thousand Dollars ($1,000.00) in statutory damages under 15 U.S.C. § 1692k(a)(2). It is further:

ORDERED, ADJUDGED and DECREED, that the Plaintiff, Walter Hargrove, have and recover over and against the Defendant, Check Resolution Service, Inc., the sum of Five Thousand Dollars ($5,000.00) in actual damages. It is further:

ORDERED, ADJUDGED and DECREED, that the Plaintiff, Walter Hargrove, have and recover over and against the Defendant, Check Resolution Service, Inc., the sum of Fifteen Thousand Dollars ($15,000.00) in additional damages under Tex. Bus. & Comm. Code, § 17.50. It is further:

ORDERED, ADJUDGED AND DECREED, that the Plaintiff, Walter Hargrove, have and recover over and against the Defendant, Check Resolution Service, Inc., the sum of Eight Thousand Fifty and No/100 Dollars ($8,050.00) as reasonable and necessary attorneys' fees and expenses for prosecution of this case through entry of final judgment, and if necessary and if successful, an additional Twenty Thousand and no/100 Dollars

($20,000.00) on appeal to the United States Court of Appeals for the Fifth Circuit, an additional Ten Thousand and no/100 Dollars ($10,000.00) in the event of a petition for writ of certiorari to the United States Supreme Court, and an additional Five Thousand and no/Dollars ($5,000.00) in the event briefing is required by the U.S. Supreme Court. It is further:

ORDERED, ADJUDGED and DECREED, that the Plaintiff, Walter Hargrove, have and recover over and against the Defendant, Check Resolution Service, Inc., post-judgment interest on all sums at the rate of 0.23 % per annum from the date of entry of this judgment until the judgment is paid. It is further:

ORDERED, ADJUDGED and DECREED, that all such writs and processes as are necessary to the enforcement of this judgment shall issue forthwith in accordance with the Federal Rules of Civil Procedure or other applicable law. It is further:

ORDERED, ADJUDGED and DECREED, that this judgment disposes of all claims and issues and all parties and is a final judgment.

SIGNED at Houston, Texas this 4th day of November, 2010.

_____
Kenneth M. Hoyt
United States District Judge